Argued and submitted October 19, 1994, affirmed February 15, 1995

Paul J. TROTTER
and Charlsie Trotter,
Trustees of the Trotter Family
1991 Revocable Trust,
*Respondents,*

*v.*

Thomas E. COPELAND
and Marilyn Copeland,
husband and wife,
*Appellants,*

*and*

SUN CENTRAL REALTY, INC.,
*Defendant.*

(92-CV-0173-TM; CA A81202)

889 P2d 1346

Brian J. MacRitchie argued the cause for appellants. With him on the briefs was Merrill, O'Sullivan, MacRitchie, Petersen & Dixon.

Craig K. Edwards argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Defendants[1] appeal a supplemental judgment denying their claim for attorney fees under an earnest money agreement. We affirm.

Defendants agreed to sell their home to plaintiffs. The parties executed an earnest money agreement that contained a provision for arbitration of all disputes arising out of the agreement. That provision also provided that

> "Seller, buyer and each realtor further agree that the party not prevailing in arbitration shall pay each prevailing party's reasonable attorney fees, which shall be fixed by the arbitrators * * *."

Pursuant to the earnest money agreement, plaintiffs paid defendants and defendants delivered the deed to the property. After delivery of the deed, plaintiffs discovered defects in the house, which prompted a dispute with defendants. The parties agreed to waive arbitration. That agreement was confirmed in a letter from plaintiffs' lawyer to defendants' lawyer:

> "[W]e discussed different forums for the resolution of the dispute between our clients. It was decided that arbitration was not the best forum because of the administration costs and arbitrator's fees. Accordingly, and despite the arbitration provision in the Earnest Money Agreement, it was agreed that [defendants] would waive [their] right to abate an action filed in Deschutes County Circuit Court."

Plaintiffs then sued for rescission of the sale of the house. Defendants answered, denying the allegations of plaintiffs' complaint and alleging affirmative defenses in the form of legal conclusions that plaintiffs' claims were barred by laches, by waiver and by a contractual "as is" provision. Defendants also alleged that they were entitled to recover attorney fees pursuant to the earnest money agreement. Plaintiffs filed no reply. Both parties retained new counsel and the matter was tried to the court, which found in favor of defendants.

Defendants then requested attorney fees, based on the earnest money agreement. According to defendants,

---

[1] We refer to defendants Thomas and Marilyn Copeland. Defendant Sun Central Realty, Inc., is not a party to the appeal.

although the parties agreed to waive arbitration, they did not agree to waive the part of the arbitration provision in the agreement that provided for an award of attorney fees to the prevailing party in a dispute arising out of the agreement. In support of that argument, defendants submitted an affidavit of counsel, reporting the understanding of one of the defendants and the original lawyer for defendants. According to that affidavit, the original lawyer for plaintiffs did not recall the matter ever having been discussed. Plaintiffs argued that the earnest money agreement could not provide the basis for attorney fees, because the arbitration provision applied only to suits arising out of the agreement, and the agreement had merged with the deed upon delivery of the deed. Plaintiffs also argued that, even if the agreement survived, it only provided for attorney fees upon arbitration, which did not occur. The trial court agreed with plaintiffs:

> "Assuming, without deciding, that the provision of the earnest money agreement did not merge with the deed, the issue is whether the attorney fee provision of the arbitration clause remains as a basis for an award of fees in this case. The provision provides for payment of attorney fees to the prevailing party 'in arbitration.' There was no arbitration held. Therefore, that clause cannot be used as a basis for attorney fees being awarded in this case."

Defendants appeal, assigning error to the trial court's denial of their request for attorney fees.

Generally, a party may be entitled to recover attorney fees only if a statute or a contract confers that right. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). In this case, defendants contend they are entitled to attorney fees by virtue of the attorney fee provision in the earnest money agreement. They do not dispute that the earnest money agreement plainly requires only "the party not prevailing in arbitration" to pay each prevailing party's attorney fees. They nevertheless argue that, when the parties agreed to waive the arbitration provision of the agreement, they really intended to waive only the requirement that their disputes be submitted to arbitration. They did not, defendants contend, agree to waive the award of attorney fees to the prevailing parties to the dispute.

Obviously, the trial court did not accept that version of the facts. Although it made no explicit factual findings concerning the scope of the supposed waiver of the arbitration provision, its decision that the earnest money agreement provided no basis for an award of attorney fees, because "[t]here was no arbitration held," necessarily means that it found that the parties had not agreed to an award of fees to the prevailing party in disputes not submitted to arbitration. *State v. Carlson*, 311 Or 201, 214, 808 P2d 1002 (1991).

We review the trial court's findings for any evidence. *Campbell v. Karb*, 303 Or 592, 596, 740 P2d 750 (1987). The language of the agreement unambiguously provides for an award of fees only upon submission of a dispute to arbitration. The language of the letter confirming the waiver of arbitration makes no mention of creating a right to recover attorney fees in a dispute not submitted to arbitration. The only evidence of defendants' argument that the parties nevertheless agreed to fees under those circumstances is an affidavit of counsel, which the trial court did not find persuasive. We conclude that there is evidence to support the trial court's finding.

■ Defendants insist that the trial court could not, as a matter of law, reject their request for attorney fees, because plaintiffs admitted defendants' entitlement to fees. The basis for that argument is the fact that defendants pleaded entitlement to attorney fees in their answer, and plaintiffs failed to file a reply. Defendants argue that, under ORCP 19, plaintiffs' failure to reply constitutes an admission of defendants' entitlement to fees. We disagree.

ORCP 68 C(2)(d) provides, in part, that:

"Any allegation of a right to attorney fees in a pleading or motion shall be deemed denied and no responsive pleading shall be necessary."

Accordingly, plaintiffs' failure to reply does not constitute an admission regarding defendants' entitlement to attorney fees, and the trial court did not err in rejecting defendants' contention that, as a matter of law, the earnest money agreement must be read to permit an award of attorney fees to defendants.

Affirmed.